NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR EDUARDO CUJA CHITAY; JUVENTINA FABIAN MORALES; ALLISON MICHELLE CUJA FABIAN; AXEL EDUARDO CUJA FABIAN, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 24-12 <br><br> Agency Nos. <br> A208-560-910 <br> A210-560-911 <br> A210-560-912 <br> A210-560-913 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2024[**]
San Francisco, California

Before: BRESS and FORREST, Circuit Judges, and OHTA, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

Hector Eduardo Cuja Chitay, Juventina Fabian Morales, and their two minor children,[1] natives and citizens of Guatemala, petition this court for review of the Board of Immigration Appeals' ("BIA") affirmance of an immigration judge ("IJ") order denying Petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We review the BIA's factual determinations for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review questions of law de novo. *Martinez v. Barr*, 941 F.3d 907, 921 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.     Substantial evidence supports the BIA's denial of asylum and withholding of removal.  To obtain asylum, petitioners must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma*, 9 F.4th at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)).  For withholding of removal, petitioners must show a "clear probability" of persecution "because of" the same protected grounds.  *Id.* (citation omitted); 8 U.S.C. § 1231(b)(3)(A).  Absent a

_____

[1] Petitioners' children are derivative beneficiaries of Chitay's asylum application. *See Matter of A-K-*, 24 I&N Dec. 275, 279 (BIA 2007).

presumption of well-founded fear based on past persecution, petitioners must demonstrate both a "subjectively genuine and objectively reasonable" fear of future persecution. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc) (citation omitted).

To obtain relief, the petitioner must show that his past or feared future persecution bears a nexus to a protected ground. *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023), *as amended.* To obtain asylum, the petitioner must show that a protected ground "was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). For withholding of removal, a petitioner must show that a protected ground was "a reason" for the harm or contemplated harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

In this case, substantial evidence supports the BIA's determination that Petitioners Chitay and Morales failed to demonstrate a nexus between a protected ground and the harm they alleged. The gang violence Chitay endured demonstrates general criminal motivations rather than racial animus or animus to those who oppose gangs. The two instances in which gang members held Chitay at gunpoint— the first time in 2017 to steal his motorcycle, and the second time in 2021 to coerce him to join the gang—indicate their general criminal purpose rather than any specific animus to a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (holding that random criminal acts bore no nexus to a protected ground);

*Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023) (finding a threat to harm petitioner's son during a robbery was a mechanism to achieve a criminal purpose, not an act of animus against a protected characteristic). The fact that gang members called Chitay "Indian" in derogatory fashion during the second encounter, does not compel the contrary conclusion that these episodes occurred "on account of" Petitioners' status as indigenous Guatemalans. *See Parussimova v. Mukasey*, 555 F.3d 734, 741–42 (9th Cir. 2009) (concluding that use of an ethnic slur during an attack, standing alone, did not compel the conclusion that ethnicity was a sufficiently motivating reason for violence).

Nor does the record compel a conclusion that these two encounters were motivated by retaliation for a political opinion opposing gangs or declining gang membership rather than generalized criminal extortion and recruitment. The first incident where the gang members stole Chitay's motorcycle occurred before he was even recruited to join a gang, and Chitay testified that during the second incident he ultimately agreed to join the gang so they would let him go home.

Petitioners' other allegations of violence similarly lack a nexus to a protected ground. There is no indication that the child abuse Chitay suffered at the hands of his alcoholic stepfather was motivated by any animus to a protected ground. Neither Morales's testimony nor the record indicates a robbery incident was anything more than random violence, unrelated to her status as an indigenous Guatemalan woman

4                                              24-12

or any other protected ground. Lastly, Petitioners' generalized fear of violence in their home country is not sufficient to establish the required nexus. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (explaining that "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2.      Substantial evidence also supports the agency's denial of CAT relief. "'To qualify for CAT protection, a petitioner must show' . . . 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Kumar v. Garland*, 110 F.4th 1149, 1159 (9th Cir. 2024) (first quoting *Sharma*, 9 F.4th at 1067; and then quoting 8 C.F.R. § 208.16(c)(2)). "Torture is 'any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official.'" *Sharma*, 9 F.4th at 1067 (quoting 8 C.F.R. § 208.18(a)(1)).

Petitioners have not established they experienced any past torture due to Chitay's encounters with gang members, and the record does not support the conclusion that they will likely suffer future torture. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (explaining that "the petitioner must demonstrate that he would be subject to a '*particularized threat* of torture'" rather than generalized fears of violence (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th

Cir. 2004))). Neither Chitay's encounters with gang members nor the robbery suffered by Morales rise to the level of torture. Petitioners and their children did not experience any physical harm as a result of these incidents. *See Dhital*, 532 F.3d at 1051–52.

Although Petitioners highlighted gang violence against indigenous people in Guatemala, evidence of general conditions of widespread violence, organized crime, and criminal impunity in of itself is not sufficient to establish that a public official would acquiesce in Petitioners' torture. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Nor does evidence that a government has been generally ineffective in preventing or investigating criminal activities raise an inference that public officials are likely to acquiesce in torture, absent evidence of corruption or other inability or unwillingness to oppose criminal organizations."). Therefore, the record does not compel the conclusion that it is more likely than not that Petitioners would be tortured if they returned to Guatemala.

**PETITION DENIED.**